# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **LEVI G. GREENUP** | **CIVIL ACTION NO. 20-130-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JAMES M. LEBLANC, ET AL.** | **MAGISTRATEJUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Levi G. Greenup, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 22, 2020. He is currently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, and claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. Plaintiff names James M. LeBlanc, Jerry Goodwin, Michelle Dauzat, Gregory Seal, Steve Hayden, Johnie Atkins, Scott Cottrell, Vincent Coleman, Christopher Hamilton, Patrice Kennedy, Brian Tocker, Dantorian Abney, Jeffrey McAdams, Walter Toliver, Angie Huff, John Does, Alma Burns, Johnny White, and Sgt. Guillotine as defendants.

Plaintiff was ordered on April 2, 2020, to file, within 30 days of the service of the order, an amended complaint (Doc. 6). On June 8, 2020, this court issued a Report and Recommendation recommending that this complaint be dismissed without prejudice for

failure to prosecute (Doc. 7).  On September 21, 2020, this court withdrew the Report and Recommendation (Doc. 7) and ordered Plaintiff to respond to the April 2, 2020 Memorandum Order and file the amended complaint within 30 days after reservice of the Memorandum Order (Doc. 9).  To date, Plaintiff has not filed an amended complaint.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, <u>sua sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket.  See <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1982).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 3rd day of December 2020.

Mark L. Hornsby
U.S. Magistrate Judge